UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
LARRY GONZALEZ,
      Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,[1]
      Defendant.
--------------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECCOMENDATION**

21 CV 800 (VB)

  Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation (the "R&R") dated May 27, 2022 (Doc. #25), regarding the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. Rule 12(c). (Docs. ##17, 22).

  In the R&R, Judge McCarthy concluded that the Commissioner of Social Security's determination that plaintiff was not disabled under the Social Security Act was supported by substantial evidence. Judge McCarthy also concluded that the determination of plaintiff's claim by a different Administrative Law Judge than the one who presided over plaintiff's hearing did not violate plaintiff's due process rights.

  Accordingly, Judge McCarthy recommended that the Court deny plaintiff's motion, grant defendant's cross-motion, and enter judgment in defendant's favor.

  Plaintiff filed timely objections to the R&R. (Doc. #26). Defendant filed a response. (Doc. #27).

  For the following reasons, the Court OVERRULES plaintiff's objections and adopts the R&R. Accordingly, plaintiff's motion is DENIED and defendant's motion is GRANTED.

  Familiarity with the factual and procedural background of this case is presumed.

---

[1]  Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi is substituted as the defendant in this case.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P. 6(d).

Insofar as a report and recommendation addresses a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made.  28 U.S.C. § 636(b)(1)(C).  The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.  Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).[2]  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

"In clear error review, the Court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'"  Rodriguez v. Colvin, 2014 WL 5038410, at *4 (S.D.N.Y. Sept. 29, 2014) (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001)).

---

[2]  Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Here, plaintiff's objections are copied verbatim from his original brief in support of his motion for judgment on the pleadings (Doc. #17-1), which Judge McCarthy already considered and rejected in the R&R. Plaintiff's objections are thus reviewed only for clear error. See Hollaway v. Colvin, 2016 WL 1275658, at *2 (S.D.N.Y. Mar. 31, 2016).

The Court has reviewed the R&R and the underlying record and finds no error, clear or otherwise.

## CONCLUSION

Plaintiff's objections are OVERRULED, and the R&R is adopted in its entirety as the opinion of the Court.

Plaintiff's motion for judgment on the pleadings is DENIED.

Defendant's cross-motion for judgment on the pleadings is GRANTED.

The Clerk is instructed to terminate the motions (Docs. ##17, 22), enter judgment accordingly, and close this case.

Dated: August 12, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge